UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>      Plaintiff,<br><br>  vs.<br><br>CIENA CORPORATION,<br><br>      Defendant. | Case Number: 4:17-cv-05920-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction over Plaintiff Oyster Optics, LLC's ("Oyster") claims against Defendant Ciena Corporation ("Ciena") for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). No issues exist regarding personal jurisdiction or venue, and all parties have been served.

2. <u>Facts</u>

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

*Form updated May 2018*

**PLAINTIFF'S STATEMENT:** Oyster is the legal owner of U.S. Patents Nos. 7,620,327 ("the '327 patent"), 8,374,511 ("the '511 patent"), and 8,913,898 ("the '898 patent") (collectively, the "Asserted Patents"). The Asserted Patents present specific improvements to fiber optics telecommunications systems.

Defendant Ciena infringes the Asserted Patents by making, using, selling, and/or offering to sell their accused fiber optics telecommunications systems and components thereof. Ciena actively induces its customers to infringe the Asserted Patents. Oyster has suffered and will continue to suffer severe competitive harm, irreparable injury, and significant damages as the direct and proximate result of Ciena's conduct, and Oyster is therefore entitled to damages of no less than a reasonable royalty, preliminary and permanent injunctive relief, attorney's fees, and such other and further relief as the Court may deem to be just and proper.

**DEFENDANT'S STATEMENT:** Oyster filed a Complaint against Ciena for Patent infringement in the Eastern District of Texas. (Dkt. No. 1 (E.D. Tex. 2:16-cv-1300).) The same day, Oyster filed eight other patent infringement cases in Texas alleging infringement of some or all of the same asserted patents. The Texas court consolidated the Ciena case with other pending cases filed by Oyster. (Dkt. Nos. 23, 96 (E.D. Tex. 2:16-cv-1302).) Thereafter, Ciena filed a Motion to Dismiss or in the Alternative Transfer Based on Imporper Venue and convenience. (Dkt. No. 35 (E.D. Tex. 2:16-cv-1300).) On September 22, 2017, the Texas court ordered the case against Ciena transferred to this Court.

Between September 21, 2017 and December 1, 2017, Ciena filed five IPR petitions against the asserted claims of the Patents-in-Suit, resulting in the cancellation of all but two dependent claims of the '511 patent, and rejection of Oyster's claim construction of a crucial term in the '327 patent. *Nokia of Am. Corp. v. Oyster Optics, LLC*, IPR 2017-02146, Paper 40 at 56 (P.T.A.B. Feb. 13, 2019); *Alcatel-Lucent USA Inc. v. Oyster Optics, LLC*, IPR2017-02173, Paper 12 at 14 (P.T.A.B. May 1, 2018).

On May 22, 2018, Oyster entered into a Settlement and License Agreement with Fujitsu, one of the defendants in the Texas case. (Dkt. No. 77-9) Among other things, the Fujitsu Agreement provides Fujitsu and its customers a broad release of patent infringement claims for

*Form updated May 2018*

past sales. (Id. ¶¶ 1.2, 1.3, 3.1, 4.1) On July 20, 2018, the remaining Texas defendants moved for partial summary judgment on the basis that they are customers of Fujitsu's and thus Oyster's Settlement and License Agreement with Fujitsu has released them of all claims of infringement as to products that contain one or more of the released Fujitsu products. (Dkt. No. 864 (E.D. Tex. 2:16-cv-1302) at 2.) On August 31, 2018, the Texas court granted the defendants' motion for partial summary judgment. (*Id.* at 17-18) Like the Texas defendants, Ciena is also a customer of Fujitsu's, and a substantial majority of the Accused Products in this case contain the released Fujitsu products. (Dkt. No. 77-6 ¶¶ 2-8.)

Ciena denies infringement of any asserted patent and the evidence will establish that Ciena likewise does not induce infringement. Ciena further denies that any asserted patent is valid.

3.  Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Subject to and without waiving their respective positions and arguments, the parties assert that the disputed points of law include at least the following:

  A.  The proper construction of the asserted claims of the Asserted Patents;
  B.  Whether Oyster's claims are barred, in whole or in part, by any defenses asserted by Ciena;
  C.  Whether Ciena directly infringes the Asserted Patents under 35 U.S.C. § 271(a);
  D.  Whether Ciena induces the infringement of the Asserted Patents under 35 U.S.C. § 271(b);
  E.  Whether Oyster is entitled to damages, costs, expenses, and prejudgment interest, and the extent thereof; and
  F.  Whether Oyster is entitled to attorneys' fees under 35 U.S.C. § 285, and the extent thereof.

Each party reserves its right to raise or dispute issues not identified in the foregoing list.

*Form updated May 2018*

4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

The most recent prior motion before the Court was Oyster's Motion to Lift Stay (Dkt. No. 70), which the Court granted on Sept. 23, 2019 (Dkt. No. 84). There are no motions currently pending before the Court. The parties anticipate filing claim construction briefs and motions for summary judgment or other dispositive motions, pursuant to Patent L.R. 4-5 and the Court's Standing Order for Patent Cases.

5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

**PLAINTIFF'S STATEMENT:** Oyster does not presently anticipate adding or dismissing any parties or claims. However, Oyster reserves the right to amend its complaint if facts justifying such amendment are uncovered during the course of discovery.

**DEFENDANT'S STATEMENT:**  Ciena reserves the right to amend its pleadings in light of the discovery to be taken in this case or related discovery that has occurred in the Eastern District of Texas subsequent to the transfer and stay orders. Ciena has not actively participated in the Eastern District of Texas discovery, which the parties completed in the end of December 2017.  Discovery in that case could provide information relevant to additional claims and/or defenses, including without limitation allegations of inequitable conduct.

6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties certify that they have reviewed the ESI Guidelines and have met and conferred pursuant to Federal Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Given the early stage of this action, the parties are still assessing their positions regarding an agreement to govern the discovery and production of Electronically Stored Information and will continue to work in good faith to come to a mutual agreement.

7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

*Form updated May 2018*

The parties served their initial disclosures in this case on May 8, 2017. Ciena believes that Oyster should update infringement contentions within 30 days of CMC conference and Ciena should update invalidity contentions with 60 days of the CMC conference.

8. <u>Discovery</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Prior to this case's transfer to the Northern District of California, the parties propounded written discovery requests and timely served responses as required. The parties anticipate that further discovery will include mandatory Rule 26 disclosures, written discovery, depositions, third-party discovery, and expert witness discovery. The scope of anticipated discovery will include issues relating to the allegations in Oyster's complaint and any defense or counterclaim pleaded by Ciena.

The parties agree that fact discovery shall be conducted without phases, except as specifically provided in any stipulated production protocol for ESI. The parties agree that fact discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the Court's orders, subject to the following specifically identified modifications. The parties specifically agree that the Discovery Order entered in the Eastern District of Texas (Case No. 2:16-cv-01302-JRG, Dkt. No. 76) shall be superseded entirely and shall be of no effect in this action.

*Modifications to Discovery Under the Federal Rules of Civil Procedure and Local Rules*

1. Depositions

The default limitation of ten depositions per side provided by Federal Rule of Civil Procedure 30(a)(2)(A)(1) shall apply. Expert depositions shall be excluded from this limitation. There shall be a presumptive seven-hour limit for all individual and third-party depositions. With respect to third-party witnesses, the participating parties shall meet and confer to discuss how to divide the time on the record between the parties

Expert depositions will be limited to one seven-hour deposition per topic on which the expert offers opinions (e.g., infringement, non-infringement, validity, invalidity, damages).

*Form updated May 2018*

The parties may seek leave of the Court to take additional depositions or to extend the time required for depositions of expert depositions, on a showing of good cause, consistent with the Court's orders.

2. Expert Discovery

The parties agree that no notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action or the Asserted Patents shall be the subject of discovery or inquiry at trial. The parties further agree that no communications, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this civil action or the Asserted Patents shall be the subject of discovery or inquiry at trial. Materials, communications, and other information exempt from discovery pursuant to this paragraph shall be treated as attorney work product for the purposes of this litigation. This paragraph shall not apply to any communications or documents (including messages, notes, drafts, or other types of preliminary written work) on which the expert relied or intends to rely in forming his or her opinion as expressed in an affidavit, report, or testimony in connection with this action. Such communications or documents shall be subject to discovery and, to the extent otherwise admissible, to inquiry at trial.

3. Protective Order

The parties will meet and confer in good faith to draft a mutually agreeable protective order and shall submit a proposed protective order within 30 days of the Court's issuance of a case management scheduling order. Until the Court enters a protective order in this case, however, the parties agree that pursuant to Patent L.R. 2-2 the confidentiality of discovery materials will be governed by the authorized Northern District of California Interim Model Protective Order for Patent Cases.

4. Privilege Logs

No party shall be required to log privileged materials that post-date the filing of Oyster's complaint on November 24, 2016. Information concerning documents or things otherwise protected by the attorney-client privilege, work product doctrine, or other privilege

*Form updated May 2018*

or protection ("Privileged Materials") that were created after November 24, 2016 does not need to be included on any privilege log. In addition, Privileged Materials created by or on behalf of litigation counsel, communications with litigation counsel, and internal communications within a law firm or corporate legal department do not need to be included on any privilege log, regardless of the date of their creation. Unless good cause is shown, this includes materials prepared by or on behalf of the law firms representing the parties in their capacity as counsel before the U.S. Patent and Trademark Office. The parties reserve the right to request logs of Privileged Materials created after November 24, 2016 where good cause exists.

      5.   Discovery Disputes

The parties have discussed and recognize that they are bound by the Court's rules for addressing discovery disputes as set forth in paragraph 8 of the Court's Civil Standing Orders regarding discovery disputes.

9. Class Actions
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

10. Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The following cases are currently pending before other courts: *Oyster Optics, LLC v. Alcatel-Lucent USA, Inc.*, Case No. 2019-01255 (Federal Circuit); *Oyster Optics, LLC v. Cisco Systems, Inc.*, Case No. 19-1257 (Federal Circuit); *Oyster Optics, LLC v. Infinera Corporation*, Case No. 19-2178 (Federal Circuit); *Nokia of America Corporation et al. v. Oyster Optics, LLC*, Case No. 2:2018-cv-00391 (Eastern District of Texas); *Oyster Optics, LLC v. Infinera Corporation*, Case No. 2:18-cv-00206 (Eastern District of Texas); *Oyster Optics, LLC v. Infinera Corporation et al.*, Case No. 2:19-cv-00257 (Eastern District of Texas).

*Form updated May 2018*

11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**PLAINTIFF'S STATEMENT:** Oyster seeks compensatory damages in an amount to be proven at trial but in no event less than a reasonable royalty; preliminary and permanent injunctive relief against Ciena; a finding that this case is exceptional under 35 U.S.C. § 285 and that Oyster should be awarded its attorneys' fees; an award of prejudgement and post-judgment interest, costs, and other expenses; and such other and further relief as the Court may deem to be just and proper.

Pursuant to Patent L.R. 2-1(b), Oyster states that it is unable to provide an estimate of the damages range expected for the case. To generate such an estimate, Oyster will require information from Ciena about its revenue attributable to the Accused Products. In addition, Oyster will require information from Ciena about factors relevant to a hypothetical negotiation, including but not limited to Ciena's patent licensing practices and history. Oyster trusts that Ciena will produce such information promptly during the discovery process and expects thereafter to be able to produce a non-binding, good-faith estimate of the damages range.

**DEFENDANT'S STATEMENT:** Ciena requests the Court to enter judgment in its favor as follows: (1) that the Court find and declare that Oyster released Ciena from all claims of infringement as to Accused Products that contain Fujitsu products; (2) that the Court find and declare that the Patents-in-Suit are not infringed by Ciena; (3) that the Court find and declare that the Patents-in-Suit are invalid; (4) that the Court deem this an exceptional case under 35 U.S.C. § 285 and award Ciena its costs and reasonable attorneys' fees; and (5) that the Court award Ciena any and all other further relief that the Court deems just and proper.

12. <u>Settlement and ADR</u>

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

*Form updated May 2018*

Given the early stage of this action, the parties are still assessing the prospects for settlement and the most appropriate ADR option. The parties will continue to work in good faith to reach an agreement on an ADR plan.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.      ____ YES    __X_ NO*

Ciena filed its notice of declination of magistrate judge jurisdiction on October 24, 2017.

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe the case it suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties will attempt to narrow issues by agreement and/or motion after discovery has progressed.  The parties will also seek to stipulate as to facts not reasonably in dispute.  At a later time, as discovery progresses, the parties will meet and confer to discuss limiting the number of asserted claims and prior art references, if necessary.  Ciena believes that early narrowing of asserted claims would assist the parties and Court in this matter, and intend to further meet and confer to discuss a potential set of mandated narrowing guidelines with regard to asserted claims and prior art references.

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties' specific scheduling proposals are indicated in Exhibit A. As to all deadlines not specifically proposed in Exhibit A, the parties agree that deadlines in this action will be

*Form updated May 2018*

governed by the time limits specified in the Federal Rules of Civil Procedure, the Civil Local Rules and Patent Local Rules of the Northern District of California, and the Court's orders.

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

**PLAINTIFF'S STATEMENT:** Oyster has demanded a jury trial for its claims and anticipates that trial will take one week.

**DEFENDANT'S STATEMENT:** Ciena agrees that the case will be tried to a jury. The length of the trial will depend on the parties' pre-trial motions and the ability to narrow the issues.

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Oyster filed its disclosure of non-party interested entities or persons pursuant to Civil Local Rule 3-15 on December 14, 2017 (Dkt. No. 45).

20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The parties certify that all their attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

DATED: November 15, 2019         By: /s/ *Paul A. Kroeger*
                                 Marc A. Fenster (CA BN 181067)
                                 mfenster@raklaw.com
                                 Reza Mirzaie (CA BN246953)
                                 rmirzaie@raklaw.com
                                 Paul A. Kroeger (CA BN 229074)
                                 pkroeger@raklaw.com
                                 Neil A. Rubin (CA BN 250761)
                                 nrubin@raklaw.com
                                 RUSS, AUGUST & KABAT

*Form updated May 2018*

|   |   |   |
|---|---|---|
| | | 12424 Wilshire Boulevard, 12th Floor |
| | | Los Angeles, CA 90025 |
| | | Telephone: 310/826-7474 |
| | | Facsimile: 310/826-6991 |

*Attorneys for Plaintiff*
OYSTER OPTICS, LLC

DATED: November 15, 2019     By: /s/ *Blair M. Jacobs*

Blair M. Jacobs
blairjacobs@paulhastings.com
Christina A. Ondrick
christinaondrick@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone:  (202) 551-1700
Facsimile: (202) 551-1705

Philip Ou (CA BN 259896)
philipou@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA  94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

*Attorneys for Defendant*
CIENA CORPORATION

Page **11** of **13**

*Form updated May 2018*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on November 15, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/  Paul A. Kroeger*

*Form updated May 2018*

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated May 2018*