RUSS AUGUST & KABAT
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Paul A. Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
(310) 826-7474 - Telephone
(310) 826-6991- Facsimile

*Attorneys for Plaintiff*
Oyster Optics, LLC.

PAUL HASTINGS LLP
Blair M. Jacobs (admitted pro hac vice)
blairjacobs@paulhastings.com
Christina A. Ondrick (admitted pro hac vice)
christinaondrick@paulhastings.com
875 15th Street, N.W. Washington, District of Columbia 20005
Telephone: 1(202) 551-1700
Facsimile: 1(202) 551-1705

*Attorneys for Defendant*
Ciena Corporation

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CIENA CORPORATION,<br><br>*Defendant.* | Case No. 4:17-cv-05920-JSW<br><br>**LOCAL PATENT RULE 4-3 AMENDED, FINAL JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |

Plaintiff Oyster Optics, LLC and Ciena Corporation hereby jointly provide this Amended, Final Joint Claim Construction Chart pursuant to Local Patent Rule 4-3 and Judge White's Standing Order for Patent Cases.

### I. LIST OF PROPOSED CLAIM TERMS TO WHICH THE PARTIES AGREED ON A CONSTRUCTION (PATENT L.R. 4-3(a)).

The parties have agreed that a number of terms initially identified in their identification of terms for construction do not require construction, and narrowed the list of terms with disputed constructions to those reflected below. The parties have agreed on the constructions provided in the chart below:

| U.S. Patent No. 8, 374,511 ||
|---|---|
| "the optical signals"  ('511 patent – cl. 1, 9) | "the optical signal transmitted by the transmitter" |
| "an electric signal"  ('511 patent – cl. 1, 9) | "an electrical signal" |
| "the electrical signal"  ('511 patent- cl. 1, 9) | "an electric signal" is the antecedent basis for the term "the electrical signal" |
| "filtering the electrical signal to produce an average optical power"  ('511 patent – cl. 1, 9) | "filtering the electrical signal from the photodetector to provide the average optical power of the optical signals" |
| "the phase-modulated optical signals"  ('511 patent – cl. 9) | "the phase-modulated optical signal transmitted by the transmitter" |
| U.S. Patent No. 8,913,898 ||
| "the second optical signal" ('898 patent – cl. 1, 4, 14, 18, 23) | "a second optical signal" is antecedent basis for "the second optical signal" |
| "transceiver card" ('898 patent– cl. 1, 14) | "transceiver card" is "a card having a transmitter and a receiver. This term is limiting both in the preamble and in the body of the asserted claims." |
| "receiver" ('898 patent – cl. 1, 14) | "receiver without a demodulator" |

## II. PROPOSED CLAIM CONSTRUCTIONS BY EACH PARTY FOR THE DISPUTED CLAIM TERMS (PATENT L.R. 4-3(b)).

Pursuant to Patent L.R. 4-3(b), the Parties' proposed constructions of disputed terms are provided in the chart below along with the intrinsic and extrinsic evidence on which the parties intend to rely.[1]

| Claim Term/Phrase | Oyster's Proposed Construction[2] | Ciena's Proposed Construction[3] |
|---|---|---|
| "the optical signals" ('327 patent – cl. 1, 14, 25, 36) | "the optical data signals received on the fiber input from the second optical fiber"<br><br>**Intrinsic Evidence:**<br>327 Patent at 4:43-49; 5:26-54; 6:12-27; Figs. 2, 3<br><br>Extrinsic Evidence:<br>Petition for Inter Partes Review of Claims 1-12, 22, and 33 of U.S. Patent No. 7,620,327 by Cisco Systems, Inc. and Oclaro, Inc., at 11, 19-22 and 27-30;<br>Petition for Inter Partes Review of Claims 14-21, 23, 25-32, 34, and 36-38 of U.S. Patent No. 7,620,327 by Cisco Systems, Inc. and Oclaro, Inc., at 11, 15-18 and 27-30;<br>and any other petitions for inter partes review of the patents-in-suit that may be filed later. | "transmitting optical signals" is the antecedent basis for "the optical signals,"<br><br>*Otherwise*<br>Indefinite<br><br>**Intrinsic Evidence:**<br>'327 File History:<br>• NON-FINAL OFFICE ACTION, Jan. 21, 2009<br>• Amendment, Feb. 17, 2009 (wrongly dated Feb. 13)<br>'327 patent at 6:51–53, 60–62; 7:33–35, 7:42–44, 8:12–14, 21–22, 8:56–58, 66–67; 9:1<br>'898 patent claims<br>IPR2017-01871 Paper Nos. 7, 11<br>IPR2017-01882 Paper Nos. 7, 11<br>IPR2017-02173 Paper No. 10, 12<br>IPR2018-00259 Paper No. 10, 12 |

---

[1] The '898, '327, and '511 patents share a common specification. When any of these patents is cited, it should be understood as a citation to the same disclosure in the other patents. The parties reserve the right to introduce extrinsic evidence to impeach or rebut the other expert's declarant to the extent one exists.

[2] In addition to the intrinsic evidence cites identified by Oyster, Oyster reserves the right to use any intrinsic evidence relied on by Ciena.

[3] In addition to the evidence cited identified by Ciena, Ciena reserves the right to use any evidence relied on by Oyster.

RUSS AUGUST & KABAT

| Claim Term/Phrase | Oyster's Proposed Construction[2] | Ciena's Proposed Construction[3] |
|---|---|---|
| | Lebby Decl. | **Extrinsic Evidence:**<br>Gitlin Decl.<br>*Gitlin, et al.*, Data Communication Principles (Plenum Press 1992)<br>*Oyster Optics, Inc.*, Securing Fiber Optic Communications against Optical Tapping Methods (2002-2003) |
| "receiver"<br>('327 patent – cl. 1, 14, 25, 36)<br>('511 patent – cl. 1, 9) | '327 and '511 patents: "receiver" (plain meaning)<br><br>Intrinsic Evidence:<br>'327 Patent at Abstract; 4:39-47; 4:50-67; 5:55-6:15; 6:42-43; Figs. 2, 3<br><br>Extrinsic Evidence:<br>Fiber Optics Standard Dictionary, Third Ed. (1997) at 840 ("receiver … The portion of a communications system in which radio,<br>optical, electronic, or sound signals are (a) converted into visible images or audible<br>sounds or (b) accepted, processed, and<br>furnished to another portion of the system.")<br>Petition for Inter Partes Review of Claims 1-13, 15-23, and 27 of U.S. Patent No.<br>6,594,055 by Cisco Systems, Inc. and Oclaro,<br>Inc., at 23;<br>Petition for Inter Partes Review of Claims 1-12, and 23 of U.S. Patent No. 8,913,898 by<br>Cisco Systems, Inc. and Oclaro, Inc., at 6-20; Petition | "receiver without a demodulator."<br><br>'898 File History<br>- NON-FINAL OFFICE ACTION, June 26, 2013<br>- Amendment, Oct. 21, 2013 (improperly dated Feb. 5, 2013)<br>- NON-FINAL OFFICE ACTION, Dec. 31, 2013
- Amendment, April 15, 2014
- FINAL OFFICE ACTION, June 18, 2014Amendment, Aug. 15, 2014 |

RUSS AUGUST & KABAT

3714-002E

| Claim Term/Phrase | Oyster's Proposed Construction[2] | Ciena's Proposed Construction[3] |
|---|---|---|
| | for Inter Partes Review of Claims 1-12, 22, and 33 of U.S. Patent No. 7,620,327 by Cisco Systems, Inc. and Oclaro, Inc., at 6-22; Petition for Inter Partes Review of Claims 1-7 and 9-15 of U.S. Patent No. 8,374,511 by Cisco Systems, Inc. and Oclaro, Inc., at 5-16; Petition for Inter Partes Review of Claims 14-22, and 24 of U.S. Patent No. 8,913,898 by Cisco Systems, Inc. and Oclaro, Inc., at 6-20; and Petition for Inter Partes Review of Claims 14-21, 23, 25-32, 34, and 36-38 of U.S. Patent No. 7,620,327 by Cisco Systems, Inc. and Oclaro, Inc., at 15-18; and any other petitions for inter partes review of the patents-in-suit that may be filed later.<br><br>Lebby Decl. | |
| "energy level detector including a threshold" / "energy level detector includes a plurality of thresholds" / "energy level detector including a threshold" ('327 patent – cl 1, 14, 25) ('898 patent – cl. 1, 14) | "energy level detector" construed as "device to measure optical power"<br><br>Intrinsic Evidence:<br>'327 Patent: Abstract; 2:59-3:55; 4:39-47; 4:50-67; 5:6-6:27; 6:42-43; Figs. 2, 3<br><br>Extrinsic Evidence: | "a single energy level detector on a transceiver card and including a reference voltage for comparison to the energy level of [the optical signals / the second optical signal]" /<br>"a single energy level detector on a transceiver card and including reference voltages for comparison to the energy level of [the |

4

LOCAL PATENT RULE 4-3 AMENDED FINAL JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

RUSS AUGUST & KABAT

3714-002E

| Claim Term/Phrase | Oyster's Proposed Construction[2] | Ciena's Proposed Construction[3] |
|---|---|---|
| | Petition for Inter Partes Review of Claims 1-20 of U.S. Patent No. 6,469,816 by Cisco Systems, Inc. and Oclaro, Inc., at 63-64 and 72; Petition for Inter Partes Review of Claims 1-12, and 23 of U.S. Patent No. 8,913,898 by Cisco Systems, Inc. and Oclaro, Inc., at 5-16; Petition for Inter Partes Review of Claims 1-12, 22, and 33 of U.S. Patent No. 7,620,327 by Cisco Systems, Inc. and Oclaro, Inc., at 3-4, 6-7, 8-12 and 15-17; Petition for Inter Partes Review of Claims 14-22, and 24 of U.S. Patent No. 8,913,898 by Cisco Systems, Inc. and Oclaro, Inc., at 7-15; and Petition for Inter Partes Review of Claims 14-21, 23, 25-32, 34, and 36-38 of U.S. Patent No. 7,620,327 by Cisco Systems, Inc. and Oclaro, Inc., at 6-7 and 12; and any other petitions for inter partes review of the patents-in-suit that may be filed later.<br><br>Lebby Decl. | optical signals / the second optical signal]" /<br><br>**Intrinsic Evidence**:<br>'327 patent at 5:20-25, 5:55-6:27, Fig. 3<br>IPR2017-02173 Paper No. 10, 12<br>IPR2018-00259 Paper No. 10, 12<br>IPR2018-00070 Paper No. 12, 14, 26, 46, 53, 54<br>IPR2018-00257 Paper No. 12, 14<br>IPR2017-01871 Paper Nos. 7, 11<br>IPR2017-01882 Paper Nos. 7, 11<br>IPR2017-01870 Paper Nos. 8, 12IPR2017-01881 Paper Nos. 7, 11, 16, 23, 27, 29 |
| "phase modulate" / "phase modulator"<br>('327 patent – cl. 3, 16, 27, 37)<br>('511 patent – cl. 9)<br>('898 patent – cl. 3, 17) | "alter the phase of light to create an optical signal having a phase that is representative of data. Use of phase modulation excludes use of amplitude modulation."<br><br>Intrinsic Evidence:<br>'327 Patent: Abstract; 1:25-30; 2:25-47; 4:64-67; Fig. 2 | "alter the phase of light while keeping the amplitude of the light constant to create an optical signal having a phase that is representative of data"<br><br>**Intrinsic Evidence:**<br>'327 patent at 1:18-23, 1:45-46, 4:30-33, 4:39-47, Fig. 2 |

| Claim Term/Phrase | Oyster's Proposed Construction[2] | Ciena's Proposed Construction[3] |
|---|---|---|
| | Extrinsic Evidence: Fiber Optics Standard Dictionary, Third Ed. (1997) at 742 ("phase modulation: Angle modulation in which the phase angle of a carrier, such as an electronic, radio, or optical carrier, is caused to depart from its reference value by an amount proportional to the instantaneous value of the modulating signal"; "optical phase modulator: An optical device that controls or varies the phase of a lightwave relative to a fixed reference or relative to another lightwave in accordance with an information-bearing signal.") The Authoritative Dictionary of IEEE Standards Terms, Seventh Ed. (2000) at 816 ("phase modulation (1) (data transmission) Angle modulation in which the angle of a carrier is caused to depart from its reference value by an amount proportional to the instantaneous value of the modulating function"). Petition for Inter Partes Review of Claims 1- 20 of U.S. Patent No. 6,469,816 by Cisco Systems, Inc. and Oclaro, Inc., at 4-7, 10-17 and 27-28; Petition for Inter Partes Review of Claims 1-13, and 27 of U.S. Patent No. 6,594,055 by Cisco Systems, Inc. and Oclaro, Inc., at 4-7, 10-17, 25-26, and 36-38; Petition for Inter Partes Review of Claims 1-12, and 23 of U.S. Patent No. | '898 patent, Title, Abstract, Fig. 2, 1:25-35, 1:42-53, 2:24-26, 3:9-13, 4:48-52, 5:11-14, 6:36-42<br><br>'327 File History:<br>• Preliminary Amendment, March 31, 2004<br>• NON-FINAL OFFICE ACTION, July 12, 2005<br>• Amendment, Nov. 16, 2005<br>• NON-FINAL OFFICE ACTION, Feb. 7, 2006<br>• Amendment, May 12, 2006<br>• NON-FINAL OFFICE ACTION, Aug. 9, 2006<br>• NON-FINAL OFFICE ACTION, Oct. 3, 2007<br>• Amendment, Oct. 15, 2007<br><br>'511 File History:<br>• NON-FINAL OFFICE ACTION, December 27, 2010<br>• Amendment, July 29, 2011 (wrongly dated July 27, 2011)<br><br>'898 File History:<br>• Claims and Preliminary Amendment, Feb. 5, 2013<br><br>**Extrinsic Evidence:** Gitlin Decl. |

RUSS AUGUST & KABAT

| Claim Term/Phrase | Oyster's Proposed Construction[2] | Ciena's Proposed Construction[3] |
|---|---|---|
| | 8,913,898 by Cisco Systems, Inc. and Oclaro, Inc., at 21-24 and 48-55; Petition for Inter Partes Review of Claims 1-7 and 9-15 of U.S. Patent No. 8,374,511 by Cisco Systems, Inc. and Oclaro, Inc., at 16-18 and 52-56; Petition for Inter Partes Review of Claims 14-22, and 24 of U.S. Patent No. 8,913,898 by Cisco Systems, Inc. and Oclaro, Inc., at 20-23 and 50-51; and any other petitions for inter partes review of the patents-in-suit that may be filed later.<br><br>Lebby Decl. | |
| "receiver configured . . . to convert the second optical signal to output data" ('898 patent – cl. 1, 14) | "receiver" is a "receiver without a demodulator" as set forth above. Otherwise, plain and ordinary meaning.<br><br>Intrinsic Evidence:<br>327 Patent at Abstract; 4:39-47; 4:50-67; 5:55-6:15; 6:42-43; Figs. 2, 3<br><br>Extrinsic Evidence:<br>Fiber Optics Standard Dictionary, Third Ed. (1997) at 840 ("receiver … The portion of a communications system in which radio, optical, electronic, or sound signals are (a) converted into visible images or audible sounds or (b) accepted, processed, and furnished to another portion of the system.") Petition for Inter Partes Review of Claims 1-13, 15-23, and 27 of U.S. Patent No. 6,594,055 by Cisco Systems, Inc. and Oclaro, Inc., at 23; Petition | "a receiver that converts the second optical signal from optical to electronic form to recover the data carried by the second optical signal"<br><br>**Intrinsic Evidence**:<br>'898 patent at 1:42-51, 2:30-34, 4:11-21, 4:55-61, 5:2-5, Figure 2.<br>'898 patent file history:<br>• NON-FINAL OFFICE ACTION, June 26, 2013<br>• Amendment, Oct. 21, 2013<br>• NON-FINAL OFFICE ACTION, Dec. 31, 2013<br>• Amendment, April 15, 2014<br>• FINAL OFFICE ACTION, June 18, 2014<br>• Amendment, Aug. 15, 2014<br>IPR2018-00070 Paper No. 12, 14, 26, 46, 53, 54 |

| Claim Term/Phrase | Oyster's Proposed Construction[2] | Ciena's Proposed Construction[3] |
|---|---|---|
| | for Inter Partes Review of Claims 1- 12, and 23 of U.S. Patent No. 8,913,898 by Cisco Systems, Inc. and Oclaro, Inc., at 6-20; Petition for Inter Partes Review of Claims 1- 12, 22, and 33 of U.S. Patent No. 7,620,327 by Cisco Systems, Inc. and Oclaro, Inc., at 6-22; Petition for Inter Partes Review of Claims 1-7 and 9-15 of U.S. Patent No. 8,374,511 by Cisco Systems, Inc. and Oclaro, Inc., at 5-16; Petition for Inter Partes Review of Claims 14-22, and 24 of U.S. Patent No. 8,913,898 by Cisco Systems, Inc. and Oclaro, Inc., at 6-20; and Petition for Inter Partes Review of Claims 14-21, 23, 25-32, 34, and 36-38 of U.S. Patent No. 7,620,327 by Cisco Systems, Inc. and Oclaro, Inc., at 15-18; and any other petitions for inter partes review of the patents-in-suit that may be filed later.<br><br>Lebby Decl. | IPR2018-00257 Paper No 12, 14<br>IPR2017-01870 Paper Nos. 8, 12<br>IPR2017-01881 Paper Nos. 7, 11, 16, 23, 27, 29 |
| "a transmitter having a laser, a modulator, and a controller" ('327 patent – cl. 1, 14, 25, 36) ('898 patent – cl. 1, 14) | Plain and ordinary meaning<br><br>**Intrinsic Record:**<br>'327 Patent at Abstract, 1:15-30, 1:40-44, 3:4-15 '327 patent – cl 1, 14, 25, 36 '898 patent – cl 1, 13 | "A transmitter having a laser, a modulator, and a controller located within the transmitter."<br><br>**Intrinsic Evidence:**<br>'327 patent at 1:18-20, 4:27-36, 6:31-37, 7:27-31, 8:6-10, 8:51-55, Figure 2<br>'327 Patent File History:<br>•   NON-FINAL OFFICE ACTION, Jan. 21, 2009 |

8
LOCAL PATENT RULE 4-3 AMENDED FINAL JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

RUSS AUGUST & KABAT

3714-002E

| Claim Term/Phrase | Oyster's Proposed Construction[2] | Ciena's Proposed Construction[3] |
|---|---|---|
| | | • Amendment, Feb. 17, 2009 (wrongly dated Feb. 13, 2009)<br>• FINAL OFFICE ACTION, May 11, 2009<br>• Amendment, May 26, 2009<br>IPR2018-00070 Paper Nos. 12, 14, 26, 46, 53, 54.<br>IPR2017-02173 Paper No. 10, 12<br>IPR2018-00259 Paper No. 10, 12<br>IPR2018-00257 Paper No. 12, 14<br>IPR2017-01870 Paper Nos. 8, 12<br>IPR2017-01881 Paper Nos. 7, 11, 16, 23, 27, 29<br>IPR2017-01871 Paper Nos. 7, 11<br>IPR2017-01882 Paper Nos. 7, 11 |
| "The plurality of thresholds" ('327 patent – cl. 22, 33) ('898 patent – cl. 23) | Oyster has withdrawn its assertion of claims 22 and 33 of the '327 patent and claim 23 of the '898 patent. Accordingly, this phrase no longer needs to be construed. | |

### III. IDENTIFICATION OF THE TERMS WHOSE CONSTRUCTION WILL BE MOST SIGNIFICANT TO THE RESOLUTION OF THE CASE (PATENT L.R. 4-3(c))

The Parties have consolidated their jointly proposed terms for construction to fewer than ten disputed terms. The parties' position as to the importance of the terms is set forth in the chart below.

| Claim Term/Phrase | Oyster's position as to whether this term is case or claim dispositive | Ciena's position as to whether this term is case or claim dispositive |
|---|---|---|
| "the optical signals" ('327 patent – cl. 1, 14, 25, 36) | Case dispositive as it relates to the '327 patent | Case dispositive as it relates to the '327 patent |
| "receiver" ('327 patent – cl. 1, 14, 25, 36) ('511 patent – cl. 1, 9) | Not case or claim dispositive | Case dispositive |

| Claim Term/Phrase | Oyster's position as to whether this term is case or claim dispositive | Ciena's position as to whether this term is case or claim dispositive |
|---|---|---|
| "energy level detector including a threshold" / "energy level detector includes a plurality of thresholds" / "energy level detector including a threshold" ('327 patent – cl 1, 14, 25) ('898 patent – cl. 1, 14) | Not case or claim dispositive | Case dispositive as it relates to the '898 patent |
| "phase modulate" / "phase modulator" ('327 patent – cl. 3, 16, 27, 37) ('511 patent – cl. 9) ('898 patent – cl. 3, 17) | Not case or claim dispositive | Claim dispositive |
| "receiver configured . . . to convert the second optical signal to output data" ('898 patent – cl. 1, 14) | Not case or claim dispositive | Case dispositive as it relates to the '898 patent |
| "a transmitter having a laser, a modulator, and a controller" ('327 patent – cl. 1, 14, 25, 36) ('898 patent – cl. 1, 14) | Not case or claim dispositive | Case dispositive as it relates to the '327 and '898 patents |

### IV. ANTICIPATED LENGTH OF TIME NEEDED FOR THE CLAIM CONSTRUCTION HEARING (PATENT L.R. 4-3(d)).

Pursuant to Pat. L.R. 4-3(d), the parties anticipate that the hearing will take no longer than three hours.

### V. PROPOSED WITNESSES TO BE USED AT THE CLAIM CONSTRUCTION HEARING (PATENT L.R. 4-3(e)).

The parties do not currently anticipate calling any witnesses at this time.

### VI. IDENTIFICATION OF FACTUAL FINDINGS REQUEST FROM THE COURT.

Ciena requests the following factual findings:

- A POSITA would have understood that the '327 and '898 patents teach that the "phase modulate/phase modulator" terms mean "altering the phase of light while keeping the amplitude of the light constant to create an optical signal having a phase that is representative of the data." Gitlin Decl. at 9:16-10:22.

- In all embodiments of the '327 patent, a POSITA would have understood that "the optical signals," as claimed, refers to the claimed "transmitting optical signals." And, absent referring to transmitted optical signals, a POSITA would not know what "the optical signals" refers to in the '327 patent's claims. *Id.* at 10:23-12:21.
- A POSITA would not have understood what "the plurality of thresholds" refers to in claims 22 and 33 of the '327 patent and claim 23 of the '898 patent *Id.* at 12:21-14:2
- Ciena expressly opposes Oyster's requested factual findings and reserves the right to provide rebuttal expert testimony in the form of live testimony, declaration, deposition, or any other form acceptable to the Court. .

Oyster requests the following factual findings:

<u>With respect to the claim phrase "the optical signals":</u>

- In all embodiments of '327, including in particular Figures 2 and 3 and their corresponding specification descriptions, a POSITA would understand that the patent teaches that the transceiver is not receiving the same signal it is sending out. There is no connection drawn, nor there is any description of the transmitter optical signal going elsewhere other than out of the transceiver to a receiver in the optical network. Lebby Decl. ¶ 80.
- The '327 patent teaches that the received signal comes from another transceiver in the optical network. Lebby Decl. ¶ 80.
- One skilled in the art would understand that "the optical signals" in the claims are not exactly the same "optical signals" that are transmitted by the transmitter on the transceiver card. Lebby Decl. ¶ 84.
- Anyone skilled in the art would understand that there are—and must be—"optical signals" that are received over the second optical fiber and that have been transmitted by another device at the other end of that second optical fiber, outside of the transceiver card. Lebby Decl. ¶ 84.
- Any interpretation of the claims of the '327 patent that requires that the output of the transmitter in any transceiver to be fed into the receiver of the same transceiver would exclude or read out each and every embodiment taught or described in the patent. Lebby Decl. ¶ 90.

- The patentee amended claims so as to recite "transmitting optical signals" as well as to recite that the energy level detector is "to measure an energy level of the optical signals," and the patentee stated: Without prejudice to a continuation application, applicants have amended the claims to recite "a transmitter for transmitting data over the first optical fiber, the transmitter having a laser, ~~and~~ a modulator, <u>and a controller receiving input data and controlling the modulator as a function of the input data, the transmitter transmitting optical signals for telecommunication as a function of the input data</u>" and "an energy level detector" to measure an energy level of the transmitted optical signals. A reasonable reading of this passage in the context of the claim language, is that "the transmitted optical signals" are the signals being received by the receiver (having been transmitted elsewhere), not the signals being transmitted by the recited transmitter. Case 2:16-cv-1302 Order dated December 5, 2017 at 40.

<u>With respect to the claim phrase "receiver":</u>

- One skilled in the art will recognize that the precise components that make up a receiver will differ, depending upon the types of modulation that are used and upon the choices made by the designer of the receiver. Lebby Decl. ¶ 37.

<u>With respect to the phrase "energy level detector including a threshold" / "energy level detector includes a plurality of thresholds" / "energy level detector including a threshold":</u>

- Each patent teaches that an exemplary energy level detector in Figure 3 has "a preferred analog implementation, with other implementation circuits possible." Lebby Decl. ¶ 35.

<u>With respect to the term "phase modulate" / "phase modulator":</u>

- Amplitude modulation is something more than merely altering amplitude. Case No. 2:16-cv-1302, Order dated June 21, 2018.
- "'Modulation of a wave' refers to changing a wave in order to represent data." Case No. 2:16-cv-1302, Order dated June 21, 2018.

RUSS AUGUST & KABAT

3714-002E

- Modulation is the process of encoding the data that is to be communicated in the light wave, by changing one or more of the characteristics of the light wave as a representation of the data. Lebby Decl. p 24.
- "Amplitude modulation (amplitude-shift keying (ASK)) works by modulating the amplitude of the wave depending on the binary electrical data signal. With amplitude modulation, the power of the signal can jump between, e.g., 100% (maximum light) and 0% (no light) depending on the bit being transmitted."). Case No. 2:16-cv-1302, Order dated June 21, 2018.
- As a matter of basic physics and as one skilled in the art would recognize, if the power of a light wave alters, so does its amplitude. Lebby Decl. ¶ 29.

The asserted patents refer to a "phase-modulated mode," where "the amplitude of the optical signal is constant," i.e. where phase modulation and only phase modulation is used, but in the same paragraph these patents also expressly state that other forms of modulation can be used. ('898 patent col. 4.) The asserted patents expressly contemplate that the amplitude as well as the phase of the optical signal can be modified. For example, Figure 2 of the '327, '511, and '898 patents each show a controller 18 that is connected to a laser 12 and "modulator" or "phase modulator" 16. The controller controls the modulator and also controls the power output of the laser. Lebby Decl. ¶ 29.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | RUSS AUGUST & KABAT |
| Dated: April 22, 2020 | By: | /s/ Paul A. Kroeger |
| | | Marc A. Fenster |
| | | Reza Mirzaie |
| | | Paul A. Kroeger |
| | | Neil A. Rubin |
| | | |
| | | *Attorneys for Plaintiff* |
| | | OYSTER OPTICS, LLC |

**Attestation of Concurrence**

I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

/s/ Paul A. Kroeger
Paul A. Kroeger