UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OYSTER OPTICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CIENA CORPORATION, <br><br> Defendant. | Case No. 17-cv-05920-JSW (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 152 |

In this patent-infringement case, the parties dispute whether Ciena must produce revenue and sales information relating to its 40G WaveLogic cards.[1] Oyster's original complaint against Ciena asserted two groups of patents: one relating to Ciena's 40G products and one relating to its 100G products.[2] On April 3, 2017, Oyster served infringement contentions on the 40G and 100G products. For the 40G patents, it charted 40G products, and for 100G patents it charted three 100G OIF implementation agreements and identified only Ciena's 100G products.[3] On May 9, 2017,

---

[1] Discovery Letter Brief – ECF No. 152. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl., Ex. F to *id.* – ECF No. 152-6 at 6 (¶ 17), 11 (¶ 31), 14 (¶ 42), 18 (¶ 52), 22–23 (¶¶ 64–65), 30 (¶ 79), 34 (¶ 94).

[3] Oyster's Infringement Contentions, Exs. F and G to *id.* – ECF No. 152-6 and 152-7.

ORDER – No. 17-cv-05920-JSW (LB)

Oyster dismissed the claims relating to the 40G products.[4] (All of these events took place before the case was transferred here from the Eastern District of Texas.)

The court denies Oyster's request for financial discovery about the 40G products.[5] Oyster dismissed the claims about the 40G products. Ciena never produced technical information about the 40G products (defending only the 100G products) and told Oyster that because the scope of discovery was limited to 100G products, it was producing only discovery about the 100G products.[6]

Oyster nonetheless contends that its infringement contentions (under the Eastern District of Texas's patent local rule 3-1) identify 40G products sufficiently to allow discovery of the financial information for its calculation of damages (citing in part its footnotes allegedly identifying 40G technology and cards).[7] Those references are to the products' chassis (the box that allows either 40G or 100G cards).[8] They do not establish that Oyster accused the 40G products. Oyster perhaps could have amended its infringement contentions. *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG (LB), 2019 WL 2296799, at *2 (N.D. Cal. May 30, 2019). But discovery is over now.[9]

At the hearing, in response to Ciena's contention that it produced technical information only about the 100G products, Oyster said it had enough discovery to advance its 40G claims. But that does not affect the outcome. Ciena did not defend — through discovery — the 40G claims because they were not part of the lawsuit. (At the hearing, Ciena said that some technical discovery did reference 40G and 100G products, but that was because individual documents referenced both products, and so Ciena produced them, essentially because the information was not segregable.)

---

[4] Stipulation of Partial Dismissal – ECF No. 90, E.D. Tex. 2:16-cv-1302-JGR; *see* Ciena's Amend. Answer, Ex, P to Discovery Letter Brief – ECF No. 152-6 at 3 (alleging that for each 40G-related patent infringement count, "Oyster dismissed this count").

[5] Discovery Letter Brief – ECF No. 152.

[6] *Id.* at 4; *see, e.g.*, Ciena's June 2017 Objections to Interrogatories, Ex. L to *id.* – ECF No. 152-13 at 6; Email Exchange, Ex. M to *id.* – ECF No. 152-13 at 2.

[7] Discovery Letter Brief – ECF No. 152 at 1–3.

[8] *See, e.g.*, Ex. G to *id.* – ECF No. 152-7.

[9] Stipulated Scheduling Order – ECF No. 142 at 2 (fact discovery closed February 18, 2021).

Oyster also contends that the 40G and 100G products are substantially identical and that the charts in its infringement contentions are sufficient because they chart representative products.[10] This contention does not change the outcome either. On this record, the 40G products do not operate in the same way as the 100G products because the energy-level detection circuitry is different.[11]

In sum, the court denies Oyster's request for financial discovery about the 40G products.

**IT IS SO ORDERED.**

Dated: February 27, 2021

LAUREL BEELER
United States Magistrate Judge

---

[10] Discovery Letter Brief – ECF No. 152 at 2–3.

[11] *Id.* at 4–5 (citing Exs. J–K – ECF Nos. 152-10 and 152-11).