UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CIENA CORPORATION,<br><br>    Defendant. | Case No.  4:17-cv-05920-JSW<br><br>**ORDER GRANTING, IN PART, MOTION TO MODIFY SCHEDULE AND DENYING LEAVE TO EXCEED PAGE LIMITS**<br><br>Re: Dkt Nos. 164, 165, 166, 170, 171 |

Now before the Court are Defendant Ciena Corporation's administrative motions (1) to continue trial and modify case deadlines, and (2) for leave to exceed page limits for motion for summary judgment. (Dkt. Nos. 165, 171.)  These motions are related:  Ciena seeks to continue trial because Plaintiff Oyster Optics LLC allegedly "continues to press untenable infringement and damages positions," which purportedly requires more time to brief, and seeks additional pages for summary judgment briefing in light of Oyster's alleged "refusal to drop issues."

The Court writes here to explain that these are not valid reasons to abandon the case schedule and local rules.  A party must show "good cause" to extend deadlines.  *See* Fed. R. Civ. P. 16(b)(4).  Good cause focuses on "the moving party's reasons for seeking modification" and particularly on whether a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, Ciena's reasons for continuation amount to little more than, "we have a lot of work to do."  The motion is part of a pattern by these parties of requesting extensions based on nothing more than having a lot of obligations.  (*See, e.g.*, Case No. 4:20-cv-2354, Dkt. Nos. 51, 53.)  While the Court understands that this may occasionally prevent a party from meeting deadlines, the number of motions here does not appear to be unusual for a patent case.  Thus, Ciena must show more to

explain why it cannot reach the deadlines despite due diligence—including, for instance, why it failed to move to strike the expert reports earlier and why it did not allocate enough resources for the dispositive motion period.[1]

Thus, the parties are put on notice that future extensions will not be granted absent a detailed explanation of the parties existing efforts to meet deadlines and inability to do so despite due diligence. Nevertheless, because the Court is no longer available to hear dispositive motions on May 28, 2021, and in light of its requirements for pretrial filings, the Court GRANTS Ciena's motion to modify the case schedule. However, the Court DENIES the motion to exceed page limits. Again, the number of issues here is not unusual for a patent case and can be adequately addressed within existing page limits.

Accordingly, the Court ADOPTS Ciena's proposed briefing schedule for dispositive motions and *Daubert* motions and CONTINUES the hearing on those motions from May 28, 2021 to July 16, 2021 at 9:00 a.m.

The Court also GRANTS the request to extend the expert discovery cut-off to April 19, 2021, and the deadline to complete mediation to August 7, 2021.

The Court will schedule a pretrial and trial date after it resolves the parties' dispositive motions and the *Daubert* motions.

**IT IS SO ORDERED.**

Dated: April 19, 2021

JEFFREY S. WHITE
United States District Judge

---

[1] Ciena makes two facially inadequate arguments. First, it claims that most of the "transgressions" occurred during expert depositions. Given the length of a typical deposition, the Court doubts that this would require more than one motion to strike or a few short motions *in limine*. Second, Ciena claims in a supplemental filing that Oyster postponed an expert deposition. (*See* Dkt. No. 168.) Given that the deposition was of Ciena's own expert, the Court fails to see how that could affect Ciena's motion practice.