UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>CIENA CORPORATION,<br><br>   Defendant. | Case Number: 4:17-cv-05920-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to Order 246.

1. <u>Jurisdiction & Service</u>

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

  This Court has subject matter jurisdiction over Plaintiff Oyster Optics, LLC's ("Oyster") claims against Defendant Ciena Corporation ("Ciena") for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). No issues exist regarding personal jurisdiction or venue, and all parties have been served.

2. <u>Facts</u>

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

  **PLAINTIFF'S STATEMENT:** Oyster is the legal owner of the patents identified in the complaint. In this case, Oyster's currently only asserts infringement of a single patent, U.S.

*Form updated May 2018*

Patent No. 7,620,327 (the "'327 patent"). The '327 patent presents specific improvements to fiber optics telecommunications systems.

Defendant Ciena infringes the '327 patent by making, using, selling, and/or offering to sell their accused fiber optics telecommunications systems and components thereof. Ciena actively induces its customers to infringe the '327. Oyster has suffered significant damages as the direct and proximate result of Ciena's conduct, and Oyster is therefore entitled to damages of no less than a reasonable royalty, attorney's fees, and such other and further relief as the Court may deem to be just and proper.

This case has been stayed since an Order of this Court dated November 9, 2021 (Dkt. No. 243), pending an *Ex Parte* Reexam of the asserted claims of the '327 patent. The Reexam has since been terminated and the asserted claims have been affirmed (*see* Dkt. No. 245).

At the time of the stay, the parties had completed fact and expert discovery, and dispositive and *Daubert* motions had been fully briefed. A trial date had previously been set, but was vacated by the Court subject to rescheduling after it ruled on the parties respective Summary Judgment motions. (Dkt. No. 173). Summary Judgment motions were previously set for a hearing on August 21, 2021, which was vacated by the Court. (Dkt. No. 231).

**CIENA'S STATEMENT:**

<u>Oyster I and the Asserted Patents</u>: On or about, August 12, 2016, Oyster, a non-practicing entity, purchased a portfolio of patents, including the '327 patent in this case. Approximately three and a half months later, Oyster began a patent assertion campaign by suing numerous telecommunications companies in the Eastern District of Texas. On November 23 - 24, 2016, Oyster filed nine patent infringement cases including a case against Ciena and Ericsson Inc.. (Dkt. No. 1 (E.D. Tx. 2:16-cv-1300) ("*Oyster I*")).
On June 15, 2017, Ciena filed a Motion to Dismiss or in the Alternative Transfer Based on Improper Venue and Convenience. (Dkt. No. 5 (E.D. Tx. 2:16-cv-1300)). On October 13,

2017, the lawsuit was transferred to the Northern District of California. (Dkt. No. 30 (N.D. Cal. 4:17-cv-05920-JSW)).

Only one of the seven originally asserted patents remains in this case. Ciena denies infringement of any asserted claim in the '327 patent and the evidence will establish that Ciena likewise does not induce infringement. Ciena further denies the the '327 patent is valid.

This case has been stayed since the Court's November 9, 2021 Order (Dkt. No. 243) pending an *Ex Parte* Reexam of the asserted claims of the '327 patent. The Reexam has been terminated with the asserted claims surviving in light of the narrowing Reexam prosecution history. Summary judgment and *Daubert* briefing is complete. The parties have resolved certain pending issues and provide a list of issues remaining for the Court's resolution in Sections 3 and 4.

*Oyster's Continued Litigation Campaign, Settlements with Others, and Impact of the Fujitsu Release on this Case*: In addition to the nine cases filed in 2016, between April of 2018 and June of 2020, Oyster continued its patent assertion campaign in the Eastern District of Texas by filing seven additional lawsuits against telecommunications companies.

Oyster dismissed and/or settled each case filed against the other telecommunications companies before trial. For each settled case, Oyster provided a covenant not to sue and/or patent license to the other telecommunications companies for the payments detailed in Ciena's Daubert Motion concerning Mr. Dell. (Dkt. No. 179).

One of those settlements, the May 22, 2018 Settlement and License Agreement between Oyster and Fujitsu, provides Fujitsu and its customers a broad release of patent infringement claims for past sales. (Dkt. No. 77-9 at ¶¶ 1.2, 1.3, 3.1, 4.1). The Eastern District of Texas Court and Federal Circuit found that the release applied to Fujitsu's customers, which included other telecommunications companies sued by Oyster in Texas. (Dkt. No. 864 (E.D. Tex. 2:16-cv-1302) at 2, 17-18 (granting partial summary judgment of release); *Oyster Optics, LLC v. Alcatel-Lucent USA, Inc.*, 816 Fed. Appx. 438, 439 (Fed. Cir. 2020) (affirming

release). Like the Texas defendants, Ciena is also a customer of Fujitsu's, and a large majority of the Accused Products, in this case, contain the released Fujitsu products. (Dkt. No. 77-6 ¶¶ 2-8.) Despite the Federal Circuit decision, Oyster continued to litigate the issue of release and the quantity of Ciena Accused Products subject to the release. On June 21, 2021, after Ciena filed for summary judgment on the issue, Oyster agreed that the release applied to Ciena products containing a Fujitsu modulator sold in the U.S. prior to May 22, 2018. Beyond the now agreed-upon release, the parties also dispute whether the 2018 Fujitsu License Agreement exhausted Oyster's rights underlying certain claims against Ciena's products. That dispute is pending before the Court in § III.D of Dkt. No. 178.

3. <u>Legal Issues</u>

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

      Subject to and without waiving their respective positions and arguments, the parties assert that the disputed points of law include at least the following:

      A.    Whether Oyster's claims are barred, in whole or in part, by any defenses asserted by Ciena, including non-infringement, invalidity, waiver, patent misuse, unclean hands, and exhaustion;

      B.    Whether Ciena directly infringes the '327 patent under 35 U.S.C. § 271(a);

      C.    Whether Ciena induces the infringement of the '327 patent under 35 U.S.C. § 271(b);

      D.    Whether Oyster is entitled to damages, costs, expenses, and prejudgment interest, and the extent thereof;

      E.    Whether Oyster or Ciena is entitled to attorneys' fees under 35 U.S.C. § 285, and the extent thereof;

      F.    Whether the '327 patent is invalid;

      G.    Whether the '327 patent is unenforceable; and

      H.    Whether Oyster's rights in the '327 patent are exhausted.

*Form updated May 2018*

Each party reserves its right to raise or dispute issues not identified in the foregoing list.

4. <u>Motions</u>

*All prior and pending motions, their current status, and any anticipated motions.*

The following motions were fully briefed and awaiting ruling as of the time the case was stayed, were administratively terminated by the Court, and should be restored to the calendar:

- **Defendant Ciena Corporation's Notice of Motion and Motion for Summary Judgment (Dkt. No. 178)**;
    o   This motion should be partially restored.
    o   The following sections have been resolved by party agreement or case narrowing and do not require resolution by the Court (unless otherwise noted):
        ▪   §III.A.1 (*No Ciena Product Includes a Receiver Without A Demodulator*); and
        ▪   §III.D (*Substantial Damages are Released and/or Exhausted Based on the Prior Oyster and Fujitsu Agreement*) as to release only.   §III.D also briefs the issue of exhaustion.  The exhaustion issue should be restored and resolved the by the Court.
    o   All remaining issues should be restored.
- **Ciena Corporation's Motion to Exclude the Opinions and Testimony of Plaintiff's Damages Expert Stephen Dell, Under Fed. R. 702 And *Daubert* (Dkt. No. 179)**;
    o   This motion should be fully restored.
- **Ciena Corporation's Motion to Exclude the Infringement Opinions and Testimony of Plaintiff's Technical Expert, Keith Goossen, Ph.D., Under Fed. R. Evid. 702 and *Daubert* (Dkt. No. 180)**
    o   This motion should be partially restored.
    o   The issues in the following section have been resolved by case narrowing and do not require resolution by the Court:

*Form updated May 2018*

- §III.B (*The Court Should Exclude Dr. Goossen's Re-Construction of the Court's Construction of "Receiver"*).
    - All remaining issues should be restored.
- **Ciena Corporation's Motion to Exclude the Validity Opinions and Testimony of Plaintiff's Technical Expert, Keith Goossen, Ph.D., Under Fed. R. 702 and *Daubert* (Dkt. No. 181)**;
    - This motion should be partially restored.
    - The following section includes an issue that has been resolved and does not require resolution by the Court:
        - §III.B (*Dr. Goossen's Testimony Regarding "Receiver" Should Be Excluded Because He Mischaracterizes and Ignores the Court's Claim Construction*).  §III.B has been resolved as to the '898 patent.  However, §III.B also concerns enablement as to '327 patent and that issue should be restored and resolved by the Court.
    - All remaining issues should be restored.
- **Plaintiff Oyster Optics, LLC's Notice of Motion and Motion for Summary Judgment (Dkt. No. 182)**
    - This motion should be partially restored.
    - The issues in the following sections have been resolved by party agreement:
        - §II (*Summary Judgment Should be Granted on Ciena's Invalidity Claims That Could Have Been Raised in IPR*);
        - §IV.C (*No Evidence Supports Ciena's Affirmative Defense of Prosecution History Estoppel*);
        - §IV.D (*Defendants' Affirmative Defense of Laches Is No Longer a Viable Defense After SCA Hygiene Products*); and

*Form updated May 2018*

- §IV.G (*No Evidence Supports Defendant's Affirmative Defense of Acquiescence*).
  - All remaining issues should be restored.
- **Plaintiff Oyster Optics, LLC's Notice Of Motion and Motion to Strike Certain Opinion of George Papen Re Invalidity of The Asserted Patents (Dkt. No. 185);**
  - This motion should be partially restored.
  - The following sections have been resolved by party agreement and do not require resolution by the Court:
    - §II.C (*Dr. Papen's Report Contains Numerous Invalidity Theories That Were Never Disclosed*);
      - §II.C.1 (*All of Dr. Papen's Opinions Concerning the "WaveMux System" Should Be Struck*);
      - §II.C.2 (*All of Dr. Papen's Opinions Concerning the Hooijmans Reference Should Be Struck*);
      - §II.C.3 (*Dr. Papen's Opinions Concerning The Combination Treyz In View of Ade Were Not Disclosed*); and
      - §II.C.4 (*Dr. Papen's Opinions Concerning "Rutledge" As Disclosing Certain Limitations of The Independent Claims Were Not Disclosed*).
  - All remaining issues should be restored.
- **Plaintiff Oyster Optics, LLC's Notice of Motion and Motion to Exclude Opinions of Matthew R. Lynde Ph.D. (Dkt. No. 188);**
  - This motion should be fully restored.
- **Plaintiff Oyster Optics LLC's Notice of Motion and Motion to Exclude Opinions of Daniel Blumenthal, Ph.D. (Dkt. No. 189);**
  - This motion should be partially restored.

*Form updated May 2018*

- o   The following section has been resolved by party agreement and does not require resolution by the Court:
  - §II.A (*Dr. Blumenthal's Opinions Regarding Ciena's "Many Patents That Cover The Accused Instrumentalities" Are Irrelevant and Prejudicial as A Matter Of Law—And They Should Be Excluded*);
- o   All remaining issues should be restored.

The parties note that the Court previously removed the summary judgment and *Daubert* motions from the hearing calendar and indicated that the Court would decide the motions on the papers. (Dkt. Nos. 225 and 231). The parties are willing to appear for a hearing on these motions should the Court find it helpful.

Ciena also files concurrently herewith a Statement of Recent Decisions identifying additional cases relevant to certain of the above identified motions.

Other than these motions, the parties anticipate only filing motions incident to trial and the Pretrial Conference such as motions *in limine*.  No other motions are anticipated.

5. Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

**PLAINTIFF'S STATEMENT:** Given how close the case is to trial, Oyster does not anticipate further amendment of the pleadings or believe that such is warranted.

**CIENA'S STATEMENT:**  Ciena does not anticipate any amendments to the pleadings at this time.

6. Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties certify that they have reviewed the ESI Guidelines and have met and conferred pursuant to Federal Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

*Form updated May 2018*

### 7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties previously served their initial disclosures. The parties will provide their pretrial disclosures as part of the Pretrial Order.

### 8. Discovery
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

All fact and expert discovery is completed. The parties do not anticipate the need for any further discovery at this time.

### 9. Class Actions
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

### 10. Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The following cases is pending before this Court: *Oyster Optics LLC v. Ciena Corporation*, 4:20-cv-02354-JSW (N.D. Cal) (*Oyster II*). All other previously identified cases have since been dismissed.

### 11. Relief
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**PLAINTIFF'S STATEMENT:** Oyster seeks compensatory damages in an amount to be proven at trial but in no event less than a reasonable royalty; a finding that this case is exceptional under 35 U.S.C. § 285 and that Oyster should be awarded its attorneys' fees; an award of prejudgement and post-judgment interest, costs, and other expenses; and such other and further relief as the Court may deem to be just and proper.

**CIENA'S STATEMENT:** Ciena requests the Court to enter judgment in its favor as follows: (1) that the Court find and declare that exhaustion applies to all Accused Products that contain Fujitsu products; (2) that the Court find and declare that the asserted patent is not

Page **9** of **13**

*Form updated May 2018*

directly infringed by Ciena; (3) that the Court find and declare that Ciena does not induce infringement of the asserted patent; (4) that the Court find and declare that the asserted patent is invalid; (5) that the Court find and declare that the '327 patent is unenforceable because of Oyster's waiver, patent misuse and unclean hands; (6) that the Court deem this an exceptional case under 35 U.S.C. § 285 and award Ciena its costs and reasonable attorneys' fees; and (7) that the Court award Ciena any and all other further relief that the Court deems just and proper.

12. <u>Settlement and ADR</u>
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have previously engaged in mediation with Judge David Folsom. The mediation was not successful but negotiations are ongoing. The parties believe that mediation is appropriate after the resolution of the pending motions.

13. <u>Consent to Magistrate Judge For All Purposes</u>
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.      ____ YES    __X_ NO*

Oyster filed its notice of declination of magistrate judge jurisdiction on May 6, 2020.

14. <u>Other References</u>
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe the case it suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties have previously agreed to narrow the case, including by dropping asserted patents and prior art references. The parties will further attempt to narrow issues by agreement and/or motion following ruling on the dispositive and *Daubert* motions.

*Form updated May 2018*

16. <u>Expedited Trial Procedure</u>
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. <u>Scheduling</u>
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The only scheduling issues are a hearing on the dispositive and Daubert Motions should the Court deem such hearing helpful, a Pretrial Conference, and Trial. Oyster believes that this case will be ready for trial in February 2023. Ciena believes that the Court should not schedule a pretrial and trial date until the parties' dispositive motions and *Daubert* motions are resolved. (*See* Dkt. No. 173 at 2:16-17). If the Court is inclined to schedule trial now, Ciena believes that a pretrial conference in February 2023 and trial in April 2023 would be appropriate, subject to the Court's availability.

18. <u>Trial</u>
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

**PLAINTIFF'S STATEMENT:** Oyster has demanded a jury trial for its claims and anticipates that trial will take one week.

**CIENA'S STATEMENT:** Ciena agrees that the case will be tried to a jury. The length of the trial will depend on the parties' pre-trial motions and the ability to narrow the issues but Ciena currently believes that the trial will take approximately 8-9 trial days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Oyster filed its disclosure of non-party interested entities or persons pursuant to Civil Local Rule 3-15 on December 14, 2017 (Dkt. No. 45). This statement is still accurate as of the date of this disclosure.

*Form updated May 2018*

20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The parties certify that all their attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Not Applicable.

Dated: October 14, 2022

| | |
|---|---|
| By: */s/ Reza Mirzaie* | By: */s/ Blair M. Jacobs* |
| Marc A. Fenster (CA BN 181067 | Blair M. Jacobs |
| mfenster@raklaw.com | bjacobs@mckoolsmith.com |
| Paul A. Kroeger (CA BN 229074) | Christina A. Ondrick |
| pkroeger@raklaw.com | condrick@ mckoolsmith.com |
| Reza Mirzaie (CA BN 246953) | John S. Holley |
| rmirzaie@raklaw.com | jholley@ mckoolsmith.com |
| RUSS, AUGUST & KABAT | McKool Smith, P.C. |
| 12424 Wilshire Boulevard, 12th Floor | 1999 K Street, NW, Suite 600 |
| Los Angeles, California 90025 | Washington, DC 20006 |
| Telephone: (310) 826-7474 | Phone:    (202) 402-9400 |
| Facsimile: (310) 826-6991 | Facsimile:  (202) 402-9544 |
| | |
| | ALAN P. BLOCK (SBN 143783) |
| | ablock@mckoolsmithhennigan.com |
| | 300 South Grand Avenue, Suite 2900 |
| | Los Angeles, California 90071 |
| | T: 213.694.1200; |
| | F: 213.694.1234 |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Oyster Optics, LLC | Ciena Corporation |

*Form updated May 2018*

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT JUDGE

*Form updated May 2018*