# EXHIBIT C

Trials@uspto.gov                                                                                   Paper 11
Tel: 571-272-7822                                                         Entered: February 21, 2018

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

CISCO SYSTEMS, INC. and OCLARO, INC.,
Petitioner,

v.

OYSTER OPTICS, LLC,
Patent Owner.
_____

Case IPR2017-01871
Patent 7,620,327 B2
_____

Before JAMESON LEE, RAMA G. ELLURU, and
JESSICA C. KAISER, *Administrative Patent Judges.*

LEE, *Administrative Patent Judge*.

DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314(a) and 37 C.F.R. § 42.108(b)*

IPR2017-01871
Patent 7,620,327 B2

Pet. 36.  The figure shows the transceiver structure from Ade that Petitioner relies on for combination with Treyz and Graham.  *Id.*

Petitioner asserts:  "Ade's transmitter includes input light 16."  *Id.*  Petitioner further asserts:  "Ade discloses that a 'laser' inputs light at port 18 of the transceiver card."  *Id.* at 38.  These assertions, even if true, are insufficient showings with respect to claim 1's specific requirement of a transceiver card comprising a transmitter, and "*the transmitter having a laser.*"  Ex. 1001, 47–49 (emphasis added).  As claimed, the transmitter on the transceiver card itself must "have" the laser light source, and not just receive laser light as input from somewhere else.  Thus, the Petition is deficient with respect to the requirement of a laser within the transmitter.

  b.  first optical fiber and second optical fiber

Claim 1 recites a "first optical fiber" over which data is transmitted by a transmitter and a "second optical fiber" over which data is received by a receiver.  Ex. 1001, 6:45–59.  We determine that the claim's referencing of a first optical fiber for data transmission and a second optical fiber for data reception requires two optical fibers, even under the rule of broadest reasonable construction, because of the recitation of "first" and "second."

By combining Treyz, Ade, and Graham in the way it proposes on page 42 of the Petition, reproduced above, Petitioner regards the fiber on the right-hand side of the illustration, leading from Ade's transceiver to Graham's loop-back attenuator, as the first optical fiber, and the fiber on the left-hand side of the illustration, leading from Graham's loop-back attenuator to Ade's transceiver, as the second optical fiber.  Pet. 37, 39, 42.  Petitioner has not, however, connected the transceiver of Treyz to the loop-

IPR2017-01871
Patent 7,620,327 B2

back attenuator of Graham, in a manner that is supported by sufficient justification without hindsight in light of the subject matter of claim 1.

Based on Graham's disclosure, its loop-back attenuator is directly coupled to a transceiver being tested, in connector to mating connector form, without intermediate coupling fibers. Specifically, Graham describes:

> The optical simulator of the present invention is a loop-back attenuator shaped to be interchangeable with a complementary connector that intermates with an optical connector having an optical emitter and an optical detector, the optical simulator comprising an alignment fixture with connectors for intermating with the optical emitter and the optical detector, and an optical fiber formed in a loop and installed within the alignment fixture with a first end face of the loop aligned, through a corresponding alignment fixture connector, with the emitter, and a second end face of the loop aligned, through a corresponding alignment fixture, with the detector of the optical connector. The optical fiber is formed in a loop having an optical filter attached to an end face of the fiber at the detector side to provide controlled attenuation of optical power to the optical detector of the optical connector.

Ex. 1034, 3:44–60. Thus, Graham does not disclose connecting an optical fiber external to Graham's loop-back attenuator designed for direct coupling to the transceiver being tested. The only connecting fiber is fiber 11 within the loop-back attenuator. Optical fiber 11 cannot at once constitute both the first optical fiber and the second optical fiber. Petitioner has not explained why one with ordinary skill in the art would have desired to modify Graham such that the loop-back attenuator would be connected to external optical fibers that are not a part of the transceiver being tested and which can be of various lengths depending on the application environment. As shown in Figure 1 of Graham, in the testing configuration, there would

IPR2017-01871
Patent 7,620,327 B2

## II.  CONCLUSION

Petitioner has not shown a reasonable likelihood that it would prevail in establishing the unpatentability of any of claims 1–12, 22, and 33 of the '327 patent.

## III.  ORDER

It is

ORDERED that the Petition is *denied*; and

FURTHER ORDERED that no trial is instituted on any challenged claim on any alleged ground of unpatentability.

IPR2017-01871
Patent 7,620,327 B2

FOR PETITIONER:

Brian W. Oaks
Wayne O. Stacy
BAKER BOTTS L.L.P
brian.oaks@bakerbotts.com
wayne.stacy@bakerbotts.com

Darren Donnelly
FENWICK & WEST, LLP
ddonnelly@fenwick.com


FOR PATENT OWNER:

Wayne M. Helge
James T. Wilson
Aldo Noto
DAVIDSON BERQUIST JACKSON & GOWDEY L.L.P.
whelge@dbjg.com
jwilson@dbjg.com
anoto@davidsonberquist.com