# EXHIBIT A

## SETTLEMENT and LICENSE AGREEMENT

This Settlement and License Agreement ("Agreement"), effective as of the date of full execution ("Effective Date"), is entered into by Oyster Optics, LLC ("Oyster"), having offices at 11921 Freedom Dr., Suite 550, Reston, Virginia 20190; Fujitsu Limited ("Fujitsu"), having offices at 1-1 Kamikodanaka 4-chome, Nakahara-ku, Kawasaki-shi, Kanagawa-ken, 211-8588 Japan; and Fujitsu Network Communications, Inc. ("FNC"), having offices at 2801 Telecom Parkway, Richardson, Texas 75082-3599 (individually the "Party" and collectively the "Parties").

WHEREAS, Oyster and FNC are parties in litigation pending in the United States District Court for the Eastern District of Texas (Case No. 2:16-cv-01302-JRG-RSP LEAD CASE; 2:16-cv-01299-JRG-RSP member case; the "Litigation"), in which Oyster has asserted infringement of U.S. Patent Nos. 8,913,898, 7,620,327 and 8,374,511 ("Patents-in-Suit") by FNC;



NOW, THEREFORE, in consideration of the foregoing and the covenants, agreements, considerations, and conditions hereinafter set forth, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.  Definitions.

    1.1.    "Affiliate" means any corporation, company, or other entity, which: (i) is under the Control of a Party hereto; or (ii) has Control of a Party hereto; or (iii) is under common Control with a Party hereto. For purposes of this Affiliate definition, "Control" means that more than fifty percent (50%) of the controlled entity's shares or ownership interest representing the right to make decisions for such entity are owned or controlled, directly or indirectly, by the controlling entity.

1

1.2.    "Licensed Patents" means the U.S. and foreign patents currently owned by or assigned to Oyster and all Oyster affiliates, any currently-pending applications filed by or on behalf of Oyster and all Oyster affiliates, and all divisions, continuations, continuations-in-part, reissues and reexaminations or extensions of such patents and patent applications (whether U.S. or foreign).

1.3.    "Licensed Products" means any products, product lines, services, devices, systems, components, hardware, software and/or software algorithm and/or combination of any one or more of the foregoing, made, sold, imported, or distributed by or for FNC, Fujitsu Limited, or their Affiliates at any time, including those sold to, distributed to, or otherwise provided (directly or indirectly) to any customer by FNC, Fujitsu Limited, or their Affiliates. For clarity, this definition of Licensed Products does not prevent Oyster from exercising its patent rights in instances where its infringement allegations do not include or refer to a Licensed Product. For further clarity, this definition of Licensed Products also does not prevent Oyster from exercising its patent rights in instances where its infringement allegations do include or refer to a Licensed Product, unless the only reasonable and intended use of the component comprising the Licensed Product is to practice the claim and the component substantially embodies the patented invention by embodying its essential features.



3.    Mutual Releases.

3.1.    Oyster's Release to FNC: In consideration of the payment recited in this Agreement and in consideration of the covenants, licenses, and releases granted herein as well as

the dismissal of the Litigation to be filed with the Court and termination of all administrative proceedings, including all *Inter Partes* Review ("IPR") proceedings, Oyster provides a release to FNC, such release to be effective upon the date of payment set forth in Paragraph 5 below . The scope of that release is as follows: Oyster, on behalf of itself and its Affiliates, predecessors, successors, and assigns, together with their past, present, and future officers, directors, employees, attorneys, agents, representatives, shareholders, partners, subsidiaries, parents, heirs, executors, and administrators, does hereby forever release and discharge FNC, Fujitsu, and their Affiliates, predecessors, successors, successors-in-interest, and assigns, together with their respective past, present, and future officers, directors, employees, attorneys, agents, representatives, shareholders, subsidiaries, parents, heirs, executors, and administrators from any and all claims, demands, matters, rights or causes of action asserted or assertable without regard to jurisdiction questions, in the Territory, whether known or unknown, arising from activities in the Territory up to the Effective Date, raised in or related to the Litigation or that could have been raised in the Litigation or administrative proceedings, based on the Licensed Patents or based on the conduct of the Litigation, including all claims, actions, causes of action, costs, attorneys' fees, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, losses, promises, variances, trespasses, damages, judgments, extents, executions, expenses, claims, liabilities, and demands whatsoever, in law or equity, and including, as to FNC, Fujitsu, and their Affiliates, any and all claims of infringement under any patent right within the Licensed Patents, on account of any product, process, or service exported or imported, made, had been made, used, distributed, offered to sell, sold, or otherwise disposed of by FNC, Fujitsu, and their Affiliates, prior to the Effective Date. Oyster's releases under this Section 3.1 also shall extend to all customers, users, distributors, manufacturers, suppliers, and resellers of FNC, Fujitsu Limited, and their Affiliates, but only to the extent such customers, users, distributors, manufacturers, suppliers, or resellers exported or imported, made, have had made, used, distributed, offered to sell, sold, or otherwise disposed of Licensed Products or components of Licensed Products.





4.   <u>License Grant</u>.

4.1.   Subject to the terms and conditions of this Agreement, Oyster hereby grants to FNC, Fujitsu, and their Affiliates a non-exclusive, non-transferable, non-assignable (except as provided herein), license, without the right to sublicense, in the Territory under the Licensed Patents to make, use, sell, offer for sale and import the Licensed Products. Such license to be effective upon the date of payment set forth in Paragraph 5 below.



4







7



8



Dated: _May 22, 2018_   **Oyster Optics, LLC**

By: _Bruce K Lager_

Name: _BRUCE K. LAGERMAN_

Title: _MANAGER_

Dated: _May 17, 2018_   **Fujitsu Network Communications, Inc.**

By: _____

Name: _Mikito Kiname_

Title: _PRESIDENT AND CEO_

Dated: _____   **Fujitsu Limited**

By: _____

Name: _____

Title: _____

Dated: _____    **Oyster Optics, LLC**

By: _____

Name: _____

Title: _____

Dated: _____    **Fujitsu Network Communications, Inc.**

By: _____

Name: _____

Title: _____

Dated: May 21st, 2018    **Fujitsu Limited**

By: _____

Name: Masayuki Seno

Title: CORPORATE EXECUTIVE OFFICER
    SVP, HEAD OF NETWORK PRODUCTS BUSINESS UNIT

8/10